UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James D. Sudberry,            Case No. 3:22-cv-667

       Plaintiff

   v.                                          MEMORANDUM OPINION
                                               AND ORDER

Allen Oakwood Correctional Institution,

       Defendant

## I. INTRODUCTION

*Pro se* plaintiff James D. Sudberry filed this action against Allen Oakwood Correctional Institution ("AOCI"). For the reasons that follow, I am dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

On April 25, 2022, Plaintiff filed a complaint against AOCI. It is not apparent from the complaint what legal claims Plaintiff is asserting or to whom he is directing his complaint. Plaintiff states that he is "suing for injustice and white collar crime" and "suing the ODRC for not being culpable enough with the judicial system." (Doc. No. 1 at 4, 5). According to the complaint, Case Manager Clemons threatened to "write [Plaintiff] up" if he did not change his behavior. (*Id.* at 4). It appears that Plaintiff is expressing concern that the case manager will include negative information in Plaintiff's parole plan. (*Id.*). Plaintiff also indicates that a staff member does not know "The Pledge of Allegiance" or the Preamble to the U.S. Constitution. (*Id.*). And he generically states that "the institution represents … crookedness." (*Id.* at 5).

Plaintiff has attached to his complaint a complaint he previously filed with the Ohio Court of Claims. According to Plaintiff, that complaint, which included purported claims against "Ms. Ester," "Ms. Clemons," Officer Myer, and Officer Moore, was dismissed in 2020. (*See* Doc. No. 1-2).

Plaintiff fails to provide an appropriate request for relief. (*See* Doc. No. 1 at 6).

## III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

When determining whether the plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations in the complaint as true, and discern whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

2

allegations in the Complaint are true." *Id.* The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court further explained the "plausibility" requirement in *Ashcroft v. Iqbal*, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. ANALYSIS

### A. Res Judicata

Plaintiff has attached to his complaint a copy of a complaint he filed in the Ohio Court of Claims. According to the complaint filed in this case, Plaintiff's complaint filed in the Court of Claims was dismissed in 2020.

To the extent Plaintiff is seeking to litigate his claims filed in the Court of Claims again in a different court in the hopes of achieving a different result, he is barred from doing so. Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392, 2008 Ohio 6254, 899 N.E.2d 975 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.* Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994).

Here, it appears that Plaintiff is attempting to present the claims previously made in the Court of Claims in this Court, stating "I have … presented a[] singular claim but now combine them all for what they really are." (Doc. No. 1 at 4). Because these claims have already been considered and decided by the Court of Claims, this Court cannot revisit them in this litigation. Even if the causes of action in this action are new, the facts necessary to support those claims were determined by the state court. This Court must give full faith and credit to that judgment. Plaintiff is therefore barred from relitigating those matters in this Court.

Accordingly, to the extent Plaintiff is attempting to now reassert the claims made in the Court of Claims, Plaintiff has failed to state a claim for relief.

### B. Pleading Requirements

To meet the minimum federal notice pleading requirements, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which

4

they rest. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Kurek v. Ohio Dept. of Dev. Disabilities*, No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473, at *15-16 (N.D. Ohio Jan. 20, 2017) ("'[C]onclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient [as] vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard.") (collecting cases). And merely listing a defendant in the caption of the complaint, but raising no specific factual allegations against the defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Here, Plaintiff fails to meet even the most liberal reading of the *Iqbal* and *Twombly* standard. First, the identity of the defendant or defendants is not clear. AOCI is the only name listed as a defendant in the caption of the complaint, while an individual named "Stopp" or "Starr," an employee of AOCI, is listed in the "Parties" section of the complaint. Yet Plaintiff completed summonses for "Inspector Schnipke," "Suzette Clemons, Case Manager," "C/O Myer," and "G. Moore." Additionally, Plaintiff's factual allegations are vague, conclusory, and at times, illegible or incomprehensible. And Plaintiff fails to assert discernable legal claims against AOCI, or any individual, based on recognized legal authority. Plaintiff states, rather, that he is "suing for injustice

5

and white collar crime." (Doc. No. 1 at 4). He also alleges that Case Manager Clemons told Plaintiff that she does not like him and threatened to "write [him] up" if he did not change his behavior. (*Id.*). Further, Plaintiff states "they" are "crooked," and the Ohio Department of Rehabilitation and Correction is "not being culpable enough with the judicial system." (*Id.* at 5). These assertions fail to connect any alleged occurrence to a specific injury, and the Plaintiff fails to identify how a particular defendant harmed him.

Failing to meet the minimum pleading requirements of Federal Civil Procedure Rule 8, Plaintiff's complaint does not state a plausible claim for relief in light of the demands of the *Iqbal/Twombly* mandate. I must therefore dismiss Plaintiff's complaint.

## V. CONCLUSION

For the reasons stated above, I am dismissing this action in its entirety under 28 U.S.C. § 1915(e)(2)(B).

Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
